UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MERSEN USA-MIDLAND-MI INC., a Michigan Corporation, | Case No.: 1:12-cv-10961-TLL-CEB |
| Plaintiff/Counter-Defendant, | Honorable Thomas L. Ludington |
| v | |
| GRAPHITE MACHINING SERVICES & INNOVATIONS, LLC, an Arizona limited liability company, f/k/a GRAPHITE MACHINING SERVICES, INC., an Arizona corporation, | **MERSEN USA-MIDLAND-MI INC'S BRIEF IN RESPONSE TO GMSI'S MOTION TO AMEND ANSWER** |
| Defendant/Counter-Plaintiff. | |

| Attorneys for Plaintiff | Attorney for Defendant |
|---|---|
| Richard A. Gaffin (P31406) | Mark J. Brissette (P26982) |
| Joseph M. Infante (P68719) | Seward, Tally & Piggot, P.C. |
| Miller, Canfield, Paddock and Stone, P.L.C. | 1009 Washington Avenue |
| 99 Monroe Ave, N.W., STE 1200 | Bay City MI 48708-5780 |
| Grand Rapids, MI 49503 | (989) 892-6551 |
| (616) 454-8656 | |

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. MCL § 600.2145.

2. *Comerica Bank v. Korogiannis*, 2005 WL 2086133 (Mich. App August 30, 2005.)

3. *Scarsella v. Pollak*, 461 Mich. 547 (2000).

## INTRODUCTION

Through its Motion to Amend, Graphite Machining Services & Innovation, LLC ("GMSI") admits that it failed to comply with MCL § 600.2145 and asks this Court to sidestep the explicit mandate of the Michigan Legislature so that GMSI can fix its error. As discussed below, where a statute or court rule requires an affidavit to be filed with an answer, a party cannot obviate that requirement by seeking leave to file an amended complaint. Thus, GMSI's Motion to Amend must be denied.

## PERTINENT FACTS

Mersen filed this lawsuit seeking to recover on numerous outstanding invoices totaling over $400,000. Mersen's Complaint alleged breach of contract, unjust enrichment and account stated in accordance with MCL § 600.2145. Dkt No. 1-2. Pursuant to MCL § 600.2145, Mersen attached copies of the invoices reflecting amounts owed by GMSI and an affidavit supporting its account stated claim and verifying that GMSI owes Mersen $409,866.00 in unpaid invoices. *Id*. On March 2, 2012, GMSI removed the lawsuit to this court. Dkt No. 1. GMSI filed its Answer to Mersen's Complaint on or about March 9, 2012. Dkt No. 2. GMSI's Answer failed to incorporate or attach an affidavit rebutting Mersen's affidavit in support of its account stated claim as required by MCL § 600.2145.

Because GMSI failed to contradict the affidavit testimony provided by Mersen, Mersen filed a Motion for Summary Judgment on the account stated claim as Michigan law is clear that failure to challenge the amount owed on an outstanding account by affidavit testimony with an answer establishes a prima facie case that the amount is owed.

Following the filing of Mersen's motion, GMSI, for the first time, attempted to remedy its error and sought leave to amend from Mersen. Mersen was unable to agree to such amendment and it was explained to counsel for GMSI that amendment would be a futile act which would only drive up litigation costs given the clear Michigan law on the subject. (Exhibit 1.) Despite this, GMSI has filed the current motion. As discussed below, GMSI can find no support for its current motion and it must be denied.

## ARGUMENT

1. **The Michigan Supreme Court has Explicitly Stated That an Amended Answer Cannot be Allowed When a Party Fails to File a Required Affidavit with its Answer.**

According to MCL § 600.2145:

> [I]f the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, **such affidavit shall be deemed prima facie evidence of such indebtedness, <u>unless the defendant with his answer</u>, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney, denying the same.**

MCL § 600.2145 (Emphasis added). There is no question that GMSI failed to file a countervailing affidavit with its answer and GMSI has admitted such in its current motion. While GMSI is correct that leave to amend is typically freely given, leave is not freely given when leave is sought to bypass a statutory requirement.

"[T]he Michigan Supreme Court has held that where a court rule or statute requires the filing of an affidavit with a specific pleading, a party may not obviate this

requirement by filing the affidavit with an amended pleading." *Comerica Bank v. Korogiannis*, 2005 WL 2086133 *2 (Mich. App. August 30, 2005); citing *Scarsella v. Pollak*, 461 Mich. 547, 550 (2000) (a plaintiff claiming medical malpractice must file an affidavit of merit with the original complaint, not an amended complaint, to comply with MCL § 600.2912d(1) and MCR 2.112(L)). In *Comerica*, the defendant failed to file with his answer an affidavit contesting the validity of his signature on a guaranty as required by MCR 2.114(E) ("In an action on a written instrument, the execution of the instrument and the handwriting of the defendant are admitted unless the defendant specifically denies the execution or the handwriting and supports the denial with an affidavit filed with the answer.") The defendant sought leave to amend his answer to file the required affidavit which was denied by the trial court and summary disposition against the defendant entered. *Id*. The Michigan Court of Appeals, relying on the *Scarsella* decision, affirmed the trial court's ruling finding that where an affidavit is required to be filed with an answer, a party cannot circumvent the legislative mandate by seeking leave to amend. *Id*. The trial court then concluded that, "[i]n the absence of a properly submitted affidavit denying the validity of Korogiannis' signature, there was no factual question remaining, and the trial court properly granted summary disposition." *Id*.

  A similar situation is presented in this case. MCL § 600.2145 requires that a countervailing affidavit be filed "with [the] answer." Thus, the Michigan Legislature has required that an affidavit be filed with the answer. Consistent with *Comerica* and *Scarsella*, this requirement cannot be obviated by filing the answer with an amended complaint. Thus, GMSI's Motion to Amend must be denied.

## CONCLUSION

The Michigan Legislature has concluded that a party wishing to contest an account stated claim must file a countervailing affidavit with its answer. If this Court were to allow GMSI to obviate this requirement by filing an amended answer, then the statutory mandate would be rendered meaningless. As such, GMSI's motion must be denied. Further, GMSI was advised that its attempt to amend would be a futile act given the clear statutory language. Mersen should be awarded its costs and attorney fees incurred in responding to GMSI's motion.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

        By:   s/ Joseph M. Infante
              Joseph M. Infante (P68719)
              Richard A. Gaffin (P31406)
              Attorneys for Plaintiff/Counter-Defendant
              1200 Campau Square Plaza
              99 Monroe Avenue, N.W.
              Grand Rapids, MI  49503
              (616) 454-8656
              infante@millercanfield.com

Dated: May 15, 2012

20,139,785.1\148269-00002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MERSEN USA-MIDLAND-MI INC., a Michigan Corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v<br><br>GRAPHITE MACHINING SERVICES & INNOVATIONS, LLC, an Arizona limited liability company, f/k/a GRAPHITE MACHINING SERVICES, INC., an Arizona corporation,<br><br>    Defendant/Counter-Plaintiff. | Case No.:1:12-cv-10961-TLL-CEB<br><br>Honorable Thomas L. Ludington |

| Attorneys for Plaintiff | Attorney for Defendant |
|---|---|
| Richard A. Gaffin (P31406) | Mark J. Brissette (P26982) |
| Joseph M. Infante (P68719) | Seward, Tally & Piggot, P.C. |
| Miller Canfield | 1009 Washington Avenue |
| 99 Monroe Ave, N.W., STE 1200 | Bay City MI 48708-5780 |
| Grand Rapids, MI 49503 | (989) 892-6551 |
| (616) 454-8656 | |

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, I electronically submitted the foregoing papers with the Clerk of the Court using the ECF system and the Court will send notification of such filing to the following parties:

Mark J. Brissette
Seward, Tally & Piggot, P.C.
1009 Washington Avenue
Bay City MI 48708-5780
(989) 892-6551

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

        By:   *s/ Joseph M. Infante*
               Joseph M. Infante (P68719)
               Richard A. Gaffin (P31406)
               Attorneys for Plaintiff/Counter-Defendant
               1200 Campau Square Plaza
               99 Monroe Avenue, N.W.
               Grand Rapids, MI  49503
               (616) 454-8656
               infante@millercanfield.com

Dated: May 15, 2012
20,037,761.1\148269-00002