UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MERSEN USA - MIDLAND-MI INC.,

    Plaintiff/Counter-Defendant,

v.
                                              Case Number 12-10961
                                              Honorable Thomas L. Ludington

GRAPHITE MACHINING SERVICES &
INNOVATIONS, LLC f/k/a
GRAPHITE MACHINING SERVICES, INC.,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO AMEND ANSWER, AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Graphite Machining Services & Innovations LLC ("GMSI") is in the business of machining graphite for various applications. Mersen USA ("Mersen") provides services to companies like GMSI whereby the machined graphite is coated with various materials. Between August and December of 2011, GMSI entered into numerous contracts with Mersen for the coating of its already machined graphite products. ECF No. 1 Ex. 1. Mersen would receive the machined graphite from GMSI, coat the graphite and ship the graphite back to GMSI. *Id.* GMSI subsequently did not pay the invoices Mersen issued for its services. After numerous failed attempts to obtain payment from GMSI, Mersen filed this lawsuit seeking to recover on numerous outstanding invoices totaling over $400,000. Mersen's Complaint alleges claims for breach of contract, unjust enrichment and account stated in accordance with Mich. Comp. Laws § 600.2145. ECF No. 1 Ex. 1. Pursuant to Mich. Comp. Laws § 600.2145, Mersen attached copies of the invoices reflecting amounts owed by GMSI and an affidavit supporting its account stated claim and verifying that GMSI owes Mersen $409,866.00 in unpaid invoices. *Id.* On March 2, 2012, GMSI removed the lawsuit to this court. ECF

No. 1. GMSI filed its Answer to Mersen's Complaint on or about March 9, 2012. ECF No. 2. GMSI's Answer did not incorporate or attach an affidavit rebutting Mersen's affidavit in support of its account stated claim as required by Mich. Comp. Laws § 600.2145.

Because GMSI did not contradict the affidavit testimony provided by Mersen, Mersen filed a motion for summary judgment on the account stated claim, contending that Michigan law is clear that failure to challenge the amount owed on an outstanding account by affidavit testimony with an answer establishes a prima facie case that the amount is owed. GMSI subsequently filed a motion to amend its answer to remedy this error. ECF No. 14. For the reasons provided herein, Mersen's motion for summary judgment will be denied and GMSI's motion for leave to file an amended answer will be granted. GMSI's motion for leave to file a sur-reply will also be granted because Mersen's reply brief provides a number of factual and legal assertions that were not included in its original brief in support of its motion for summary judgment.

## I. GMSI's Motion to Amend Answer

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding refusal to grant leave to amend without any justification was an abuse of discretion); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (holding denial was abuse of discretion and not harmless error based on futility); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (reversing denial of leave to amend). The Sixth Circuit takes a liberal approach to Rule 15(a). *Moore*, 790 F.2d at 562; *Minor v. Northville Public Schs.*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985). Leave to amend should be granted unless there is "undue delay, bad faith, or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party, [] futility of amendment," or lack of notice to the opposing party. *Foman*, 371 U.S. at 182; *see also Wade v. Knoxville Utils. Bd.*, 159 F.3d 452, 458 (6th Cir. 2001) (noting lack of notice to opposing party as an additional factor); *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

GMSI first notes that there has been no undue delay in seeking amendment. Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed. *Wade*, 159 F.3d at 459 (holding there would be significant prejudice where the dispositive motion deadline had passed and significant discovery had been conducted and would need to be extensively supplemented to address the newly raised issues). Here, GMSI served its original answer on March 9, 2012 and the time period for GMSI to amend as a matter of course has only just passed. ECF No. 2; Fed. R. Civ. P. 15(a)(1) (amendment permitted as a matter of course for 21 days after serving pleading). Furthermore, discovery is still open with initial disclosures being exchanged on April 20, 2012, depositions have not yet been noticed, no discovery requests have been made by Mersen, and the cut off for dispositive motions has not passed. ECF No. 8. Additionally, even if there was undue delay here, undue delay is not a sufficient reason alone to deny leave to amend. *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007)(noting the 6th Circuit requires "at least some significant showing of prejudice" to deny motion for leave that is otherwise solely based on delay).

GMSI also contends that there is no evidence of bad faith or dilatory motives and there has not been a prior amendment to the answer. Mersen had notice of GMSI's defenses against its claims. Only one paragraph has been added to the original answer, and only one paragraph has been modified. ECF No. 14 Ex. 1 at ¶¶ 44, 49. The additional paragraph makes reference to an affidavit

by Peter Guercio in support of GMSI's allegations that were already contained in the original answer. *Id.* at ¶ 49. Paragraph 44 was modified to clarify the GMSI products that are still in Mersen's possession and the monies owed by Mersen for these products. *Id.* at ¶ 44. Paragraphs 28 and 32-34 now have cites to Peter Guercio's affidavit. Mersen is, and was made, fully aware of the defenses and supporting allegations in the original answer and therefore, Merson was on notice; the answer will be amended to simply add detail to the damages GMSI already claimed were owed and evidentiary support for these already-known allegations. *See Popp Telcom.*, 210 F.3d at 943 ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."); *Tefft v. Seward*, 689 F.2d 637, 639-40 (6th Cir. 1982) (reversing denial of leave to amend where facts set forth in the original complaint would support the new cause of action).

There would likewise be no undue prejudice to Mersen if leave to amend is granted. *See Busam Motor Sales v. Ford Motor Co.*, 203 F.2d 469, 473 (6th Cir. 1953) (holding amendment not barred simply because it raises new issues of law); *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) (holding where "amendment would do no more than clarify legal theories or make corrections" undue delay does not justify denial of leave to amend); *Tefft*, 689 F.2d at 639-40. As noted above, GMSI is simply adding evidentiary support and expanded detail to its answer and thus, Mersen is not unduly prejudiced. *Tefft*, 689 F.2d at 639-40; *Harrison*, 174 F.3d at 253; *Moore*, 790 F.2d at 560 (determining, in its discussion of another case, that undue prejudice was present where discovery had been completed and the amended charge was not contemplated in the original complaint). Additionally, discovery has not been conducted by Mersen and the dispositive motion deadline has not passed. *See Operating Eng'rs Local 324 Health Care Plan v. Mid Michigan*

*Crushing & Recycling, LLC*, No. 10-12987, 2012 U.S. Dist. LEXIS 17337, at *2 (E.D. Mich. Feb. 13, 2012) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.").

Finally, GMSI argues that its amendment would not be futile. *Rose*, 203 F.3d at 421 ("The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment."). An amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. *Id.*; *Operating Eng'rs Local 324 Health Care Plan*, 2012 U.S. Dist. LEXIS 17337, at *3. In analyzing futility on an affirmative defense, the Court must take defendants allegations as true, and if a defendant has pleaded allegations that indicate the defense may apply, then the amendment is not futile. *Operating Eng'rs Local 324 Health Care Plan*, 2012 U.S. Dist. LEXIS 17337, at *3-4 (granting leave to amend answer). The determination of whether the defense actually applies is for later proceedings. *Id.* at *4. Here, GMSI proposes amending its answer to include a supporting affidavit in defense of Mersen's statement of account claim. GMSI has met the pleading requirements set forth in the federal rules by denying allegations required for Mersen's statement of account claim and by pleading "in short plain terms its defenses" that would entitle GMSI to monetary damages from Mersen, as well as an offset against Mersen's statement of account. ECF No. 2 at ¶¶ 27-35, 38-45]; Fed. R. Civ. P. 8(b). Taking GMSI's allegations in its proposed amended answer as true, GMSI's amendment to add evidentiary support to such allegations would not be futile, but would further support that GMSI's defenses may apply. *Operating Eng'rs Local 324 Health Care Plan*, 2012 U.S. Dist. LEXIS 17337, at *3-4; *see also*

Mich. Comp. Laws § 600.2145 (account stated statute).

Mersen opposes GMSI's request and contends that granting leave to amend the answer would be inappropriate because it is sought to bypass a statutory requirement. Mich. Comp. Laws § 600.2145 states:

> [I]f the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of such indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof of the plaintiff or his attorney, denying the same.

Mersen notes that the Michigan Supreme Court has held that where a court rule or statute requires the filing of an affidavit with a specific pleading, a party may not obviate this requirement by filing the affidavit with an amended pleading. *Comerica Bank v. Korogiannis*, 2005 WL 2086144, at *2 (Mich. App. Aug. 30, 2005) (citing *Scarsella v. Pollak*, 461 Mich. 547, 550 (2000)).

In reply, GMSI emphasizes that federal law, not Michigan law, governs whether an amendment to its pleading should be granted because whether to grant leave to amend a pleading is a procedural question. *See Hanna v. Plummer*, 380 U.S. 460, 469-70 (1965). Thus, leave should be granted because, in this instance, there is no reason to preclude such relief under Federal Rule of Civil Procedure 15.

GMSI also notes that Mersen's reliance of *Comerica Bank* and *Scarsella* is misplaced. Other courts, including this district, have since recognized *Scarsella*'s limitation. *See, e.g.*, *Derfiny v. Bouchard*, 128 F. Supp. 2d 450, 452-53 (E.D. Mich. 2001) (noting "[t]he holding in *Scarsella* was very narrow" and concluding that the dismissal of the claim was inappropriate where defendants were not prejudiced because the complaint and affidavit—although not filed with the

complaint—notified the defendant of the claim and the affidavit was served prior to the running of the statute of limitations); *Gawlik v. Rengachary*, 714 N.W.2d 386, 391-92 (Mich. Ct. App. 2006) ("we have consistently distinguished between cases involving a statute of limitations bar and those simply involving defective pleadings."); *Saffian v. Simmons*, 704 N.W.2d 722, 726 (Mich. Ct. App. 2005) ("Cases not involving a statute of limitations issue are of a different view and must be analyzed accordingly."). Here, GSMI notes that there is not a statute of limitations issue and therefore, allowing GMSI to amend its answer to include the affidavit would not be contrary to the public policy behind the statutory requirement. *See Scarsella*, 128 F. Supp. 2d at 712-15.

GMSI's motion for leave to amend its answer will be granted because there has not been any undue delay, bad faith, or dilatory motive, nor has there been repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, a futility of amendment, or lack of notice to the opposing party. Additionally, even if Michigan law were to apply, GSMI is seeking to amend within the statute of limitations and granting leave to file an amended answer would not be contrary to the public policy behind the statutory requirement.

## II. Mersen's Motion for Summary Judgment

### A. Standard of Review

A motion for summary judgment should be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be proven or is genuinely disputed must support the assertion by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The party seeking summary judgment has the initial burden of

informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party fails to raise genuine issues of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Anderson*, 477 U.S. at 250.

The court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### B. Discussion

An "account stated" is created when an account is stated in writing by the creditor and accepted by the debtor by either making payments or by failing to object within a reasonable time. *Corey v. Jaroch*, 229 Mich. 313, 315 (1924). Because the Court will grant GMSI leave to amend its answer, Mersen's arguments regarding GMSI's failure to file a counter-affidavit will not be addressed.

However, Mersen contends that the affidavit filed by GMSI with its response brief does not rebut Mersen's prima facie evidence of indebtedness and, even if leave to file an amended answer is granted, Mersen is entitled to summary judgment. *See Morrill v. Bissell*, 99 Mich. 409 (1894) (holding that when defendant's counter-affidavit fails to rebut an open account referenced in plaintiff's affidavit, plaintiff has presented prima facie evidence of that particular open account). Mersen notes that Mr. Guercio's affidavit does not claim that a contract was not entered into between the parties. Furthermore, Mr. Guercio does not rebut the evidence that Mersen shipped parts to GMSI and invoiced GMSI for those parts. Instead, Mr. Guercio contends that some of the parts were defective. Mersen characterizes this as GMSI arguing that it may set-off against the amount owed the damages it alleges to have suffered due to the alleged defects. Mersen contends that this assertion does not preclude the Court from granting Mersen's motion for summary judgment while allowing GMSI's breach of contract counterclaim to continue.

Mersen also argues that it is, at the very least, entitled to summary judgment on the invoices where GMSI has not asserted a defense. Mersen notes that, in response to Mersen's claims seeking relief on 53 individual outstanding invoices, GMSI has only alleged that the parts contained in a minority of the invoices were defective. Mersen identifies 36 invoices to which GMSI has made no defense, totalling $288,916.00. Mersen submits that this result is consistent with caselaw from this Court which has determined that when there are multiple invoices representing multiple contracts, the right of a buyer to deduct damages from the amount owed is limited to a deduction from those specific invoices which contained allegedly defective products. *See Q.C. Chemical, Inc. v. New Haven Foundry*, No. 86 CV 75333, 1987 WL 257734 (E.D. Mich. Oct. 27, 1987). Because GMSI has not asserted a defense to Mersen's account stated claim on the identified invoices invoice,

Mersen requests that summary judgment in its favor be granted.

GMSI contends that summary judgment would be inappropriate because it contends that Mersen owes money to GMSI and because GMSI has not agreed to the amount it owes Mersen. In its sur-reply, GMSI explains that it believes there was a systematic problem with Mersen's coating during the time the products that are the subject of all 53 invoices in Mersen's complaint were coated. GMSI notes that at this early stage in the litigation and where the parts that are the subject of the 53 invoices were shipped just months ago to GMSI's customers, it is difficult to substantiate the full extent of the defective coating at this point in time. GSMI has been receiving additional defective parts from customers that are the subject of invoices that it had not yet specifically disputed.

As GMSI notes in its sur-reply, GMSI's complaints that the coating was defective and GMSI's communication to Mersen that the coating and parts would need to be replaced is not accepting the coating and demonstrates that a "balance [has not been] struck between the parties on settlement" which is required for an account to be stated. *Harvard Drug Grp. LLC v. Senior Respiratory Solutions, Inc.*, 2010 WL 148670, 2010 U.S. Dist. LEXIS 2640, at *25 (E.D. Mich. Jan. 13, 2010). Indeed, GMSI's answer and counterclaim make clear that Mersen's claim regarding payment for the 53 invoices is a disputed issue of fact. "The creation of an account stated requires the assent of both parties to the account." *Echelon Homes, LLC v. Carter Lumber Co.*, 261 Mich. App. 424, 435 (2004). Moreover, the rule with reference to account stated does not apply to a claim on an express contract to pay a plaintiff a specified sum for specified services because such a claim is, in no sense, an "account." *See Thomasma v. Carpenter*, 175 Mich. 428, 435 (1913). As both parties acknowledge, Mersen is seeking payment on 53 separate invoice contracts for coating

services rendered, which GMSI has not paid because it believes the services, and associated product, were nonconforming. Mersen has thus not asserted a simple account stated claim as a matter of law, and summary judgment will be denied.

### III.     Conclusion

Accordingly, it is **ORDERED** that GMSI's motion for leave to file an amended answer (ECF No. 13, 14) is **GRANTED**. GMSI's amended answer is due on or before July 30, 2012.

It is further **ORDERED** that Mersen's motion for summary judgment (ECF No. 9) is **DENIED**.

It is further **ORDERED** that GMSI's motion for leave to file a sur-reply (ECF No. 22) is **GRANTED**.  GMSI's sur-reply (ECF No. 22-1) is accepted as filed.

It is further **ORDERED** that the hearing scheduled for July 10, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 26, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS