UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MERSEN USA-MIDLAND-MI INC., a Michigan Corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v<br><br>GRAPHITE MACHINING SERVICES & INNOVATIONS, LLC, an Arizona limited liability company, f/k/a GRAPHITE MACHINING SERVICES, INC., an Arizona corporation,<br><br>    Defendant/Counter-Plaintiff. | Case No.:1:12-cv-10961-TLL-CEB<br><br>Honorable Thomas L. Ludington<br><br>**PLAINTIFF/COUNTER-DEFENDANT'S MOTION LEAVE TO FILED SECOND MOTION FOR SUMMARY JUDGMENT** |
| Attorney for Plaintiff<br>Stanley J. Stek (P29332)<br>Joseph M. Infante (P68719)<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>99 Monroe Ave, N.W., STE 1200<br>Grand Rapids, MI 49503<br>(616) 454-8656 | Attorney for Defendant<br>Mark J. Brissette (P26982)<br>Seward, Tally & Piggot, P.C.<br>1009 Washington Avenue<br>Bay City MI 48708-5780<br>(989) 892-6551 |
| | Trisha D. Farmer<br>Snell & Wilmer L.L.P.<br>400 East Van Buren Street<br>Phoenix, Arizona 85004 |

NOW COMES MERSEN USA-Midland-MI Inc. ("Mersen"), by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., and hereby moves this Court pursuant to Local Rule 7.1(b)(2) for leave to file a Second Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(c) and 56 on Mersen's Complaint and Defendant, Graphite Machining Services & Innovations, LLC's ("GMSI") Counter-Complaint. Pursuant to the requirements of Rule 26, Mersen certifies that it has in good faith conferred, or attempted to confer with, other affected parties in an effort to resolve the dispute without court action and that

concurrence was not received. In support of its Motion, Mersen incorporates by reference the accompanying brief.

WHEREFORE, Mersen USA-Midland-MI Inc. respectfully requests that this Court grant its Motion to File a Second Motion for Summary Judgment.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Joseph M. Infante
Joseph M. Infante (P68719)
Stanley J. Stek (P29332)
Attorneys for Plaintiff/Counter-Defendant
1200 Campau Square Plaza
99 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8656
infante@millercanfield.com

Dated: February 1, 2013

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MERSEN USA-MIDLAND-MI INC., a Michigan Corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v<br><br>GRAPHITE MACHINING SERVICES & INNOVATIONS, LLC, an Arizona limited liability company, f/k/a GRAPHITE MACHINING SERVICES, INC., an Arizona corporation,<br><br>    Defendant/Counter-Plaintiff. | Case No.:1:12-cv-10961-TLL-CEB<br><br>Honorable Thomas L. Ludington<br><br>**BRIEF IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT** |
| Attorney for Plaintiff<br>Stanley J. Stek (P29332)<br>Joseph M. Infante (P68719)<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>99 Monroe Ave, N.W., STE 1200<br>Grand Rapids, MI 49503<br>(616) 454-8656 | Attorney for Defendant<br>Mark J. Brissette (P26982)<br>Seward, Tally & Piggot, P.C.<br>1009 Washington Avenue<br>Bay City MI 48708-5780<br>(989) 892-6551 |
| | Trisha D. Farmer<br>Snell & Wilmer L.L.P.<br>400 East Van Buren Street<br>Phoenix, Arizona 85004 |

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

## I. ISSUES PRESENTED

Issue 1: Should leave be granted to allow Plaintiff/Counter-Defendant Mersen Midland to file a Second Motion for Summary Judgment where its first Motion for Summary Judgment was filed before the commencement of discovery and was based on a failure by Defendant/Counter-Plaintiff GMSI which the Court allowed GMSI to amend and the Second Motion for Summary Judgment does not raise any of the same arguments and is brought against GMSI's Counterclaim as well as Mersen's Complaint?

Answer: **Yes.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

-5-

## II.
## MOST CONTROLLING AUTHORITY

A.     E.D. Mich. Local Rule 7.1(b)(2).

## INTRODUCTION

Early on in this case, before the commencement of discovery, Plaintiff/Counter-Defendant Mersen Midland filed a Motion for Summary Judgment on the account stated claim contained in its Complaint due to Defendant/Counter-Plaintiff Graphite Machining Services & Innovations, Inc.'s ("GMSI") failure to file a countervailing affidavit as required by Michigan law. Ultimately, this Court did not address Mersen's Motion because it granted GMSI leave to amend its Answer to include the required affidavit.

Following the Court's determination, the parties engaged in discovery which closed on January 14, 2012. Mersen has learned in discovery that GMSI's claim lack legal merit and that there is no genuine issue of any material fact to support GMSI's claims. Thus, Mersen seeks to file a Second Motion for Summary Judgment which, it believes, would end the case entirely or, at the very least, narrow the issues for trial.

## BACKGROUND

Mersen filed this case to collect over $400,000 in outstanding invoices for services rendered to GMSI. That Complaint included an account stated claim. In answering the Complaint, GMSI failed to file an affidavit challenging that the account was not stated. Because of this failure, Mersen filed a Motion for Summary Judgment solely on the account stated claim contained in its Complaint in an effort to limit the scope of the case early on. (Dkt #9). This motion was filed before the parties engaged in discovery. In response, GMSI sought leave from this Court to amend its answer to allow it to file the required affidavit. (Dkt # 13.) On July 26, 2012, this Court granted GMSI's motion to amend its answer and allowed it to file the required countervailing

affidavit. (Dkt #23.) Because the Court granted the motion to allow the amended answer and countervailing affidavit to be filed, it determined that Mersen's argument related to the failure of filing the countervailing affidavit would "not be addressed." *Id*. at 8. The Court then denied Mersen's Motion for Summary Judgment.

## ARGUMENT

Local Rule 7.1(b)(2) states that "[a] paty must obtain leave of court to file more than one motion for summary judgment. For example, a challenge to several counts of a complaint generally must be in a single motion." "The Court has the inherent authority to permit a second motion for summary judgment to be filed." *Dye v. Deangelo*, 2010 WL 4976936, *1 (E.D. Mich Dec. 2, 2010.) According to this Court, "Rule 7.1(b)(2) is primarily concerned with parties attempting to challenge several counts of a single complaint through separate motions." *Aljaham v. American S.S. Co.*, 724 F. Supp. 2d 729, at Fn. 1 (E.D. Mich 2010.) (granting a motion to file a second motion for summary judgment, which was filed after the second motion for summary judgment.)

When addressing whether to grant a motion for leave to file a second motion for summary judgment, two factors are of particular concern. First, a court looks to whether the party seeking leave is doing so to "rehash arguments that proved unsuccessful the first time around, perhaps hoping for a more favorable result after the passage of time." *Lowe v. Vadlamudi*, 2011 WL 1256626, *2 (E.D. Mich. March 31, 2011). Here, that factor is not a concern. Mersen's first motion for summary judgment was directed to the discrete issue of whether GMSI's failure to file with its answer a countervailing affidavit as required by Michigan law was fatal to its defense. (Dkt #9.) This Court allowed GMSI to amend its answer and determined that Mersen's arguments would "not

be addressed" because leave was granted. (Dkt #23; at p. 8.) Thus, first, Mersen's arguments were not proved unsuccessful because they were not addressed. Regardless, Mersen's Second Motion for Summary Judgment does not address the issue of whether the failure to file the countervailing affidavit was fatal but presents entirely new arguments based on facts learned through discovery. In addition, while Mersen's original Motion was directed toward summary judgment on its Complaint, its Second Motion for Summary Judgment is directed toward the deficiencies in GMSI's Counterclaim.[1]

The second factor courts look to when presented with a Motion for Leave is the state of the record when the two motions were filed. If, like here, the second motion is filed on an expanded record, courts have found leave appropriate. *See* Moore's Fed. P. 3d § 56.121[3]; citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought.") This is precisely the case here. Mersen's first motion for summary judgment was filed before discovery had commenced and based on the failure to include a required affidavit to defend an account stated claim, not a factual record. Following the denial of that motion, the parties engaged in discovery. Thus, the current motion for summary judgment is based on an expanded record.

Setting aside the arguments addressed above, Mersen believes that it should be allowed to file a second motion for summary judgment for the practical reason that the motion will dispose of all, or mostly all, of the case before the time and expense of a trial are incurred. For example, GMSI has brought a claim

---

[1] If summary judgment is granted in favor of Mersen on GMSI's Counterclaim then GMSI's defenses to Mersen's Complaint fail. Thus, Mersen has sought summary judgment on its Complaint as well.

that Mersen breached an implied warranty in the service contract between the parties. This argument lacks all merit as Michigan law does not recognized implied warranties in service contracts. *See DeValerio v. Vic Tanny Intern.*, 140 Mich. App. 176, 180 (1984), (Implied warranties do "not apply where, as here, the contract at issue is not one for the sale of goods. Warranties of merchantability and fitness for a particular purpose are, by their nature, inapposite to a contract for services like that at issue here.") It certainly would be a waste of this Court's judicial resources if such a claim was tried only to have the court issue judgment in favor of Mersen at that time because the claim lacks merit. As is more thoroughly addressed in Mersen's Second Motion for Summary Judgment, the remainder of GMSI's claims face a similar fate.

## CONCLUSION

Wherefore, Mersen respectfully requests that this Court grant its Motion for Leave to File a Second Motion for Summary Judgment.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Joseph M. Infante
    Joseph M. Infante (P68719)
Stanley J. Stek (P29332)
Attorneys for Plaintiff/Counter-Defendant
1200 Campau Square Plaza
99 Monroe Avenue, N.W.
Grand Rapids, MI  49503
(616) 454-8656
infante@millercanfield.com

Dated: February 1, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, February 01, 2013, I electronically filed the foregoing document with the Clerk of the court using the ECF system which will send notification of such filing to the following:

- Brian J. Foster - bfoster@swlaw.com
- Joseph Infante - infante@millercanfield.com, vanderwaal@millercanfield.com
- Mark J. Brissette - markbrissette@hotmail.com
- Trisha D. Farmer - tfarmer@swlaw.com, czwijacz@swlaw.com

I also certify that I have mailed by United States Postal Service the foregoing document to the following non-ECF participants:

(No manual recipients)

                                      MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                                      By:    /s/ Joseph M. Infante
                                                 Joseph M. Infante (P68719)
                                    Stanley J. Stek (P29332)
                                    Attorneys for Plaintiff/Counter-Defendant
                                    1200 Campau Square Plaza
                                    99 Monroe Avenue, N.W.
                                    Grand Rapids, MI  49503
                                    (616) 454-8656
                                    infante@millercanfield.com

Dated: February 1, 2013

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.